UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN BUNYAN,

    Plaintiff,

v.                                                    Case No: 8:18-cv-2210-T-36JSS

UNITED STATES OF AMERICA,
ROBERT L. WILKIE, SECRETARY
OF THE DEPARTMENT OF VETERANS
AFFAIRS, and DR. IRA AZNEER,
individually,

    Defendants.
_____/

## **O R D E R**

This cause is before the Court on Steven Bunyan's ("Plaintiff") Motion to Strike and Objection to Defendants' Notice of Substitution (the "Motion"). Doc. 27. The Court, having considered the parties' submissions and being fully advised in the premises, will grant-in-part and deny-in-part the Motion.

### **I.    Background**

As alleged in the amended complaint, Plaintiff was involved in an altercation with Defendant Dr. Ira Azneer ("Dr. Azneer") at the Bay Pines V.A. Medical Hospital on February 7, 2016. Doc. 39 ¶¶20, 23–30. On that particular date, Plaintiff, who was employed by the Department of Veterans Affairs at the time, "provided temporary relief for a sitter" in one of the hospital's rooms where a patient was located. *Id.* at ¶¶1, 19–20. Plaintiff asked a nurse to contact the V.A. police department—purportedly in accordance with hospital policy—after the patient threatened him. *Id.* at ¶23. Shortly thereafter, Dr. Azneer arrived in the room with the nurse. *Id.* at ¶24. When Plaintiff explained what had occurred, Dr. Azneer allegedly countermanded Plaintiff's

request to contact the V.A. police department, pointed his finger at Plaintiff, poked Plaintiff in the forehead, pushed Plaintiff's chest, and told Plaintiff to "sit his black self down and do his job." *Id.* (internal quotations omitted). Plaintiff "stepped back in a defensive manner" after Dr. Azneer pushed him. *Id.* at ¶25. Dr. Azneer "raised his cane in a threatening manner" towards Plaintiff, and the two men engaged in a shouting match. *Id.* at ¶26. Dr. Azneer departed for the nursing station. *Id.* at ¶29. Later, he returned and swung his cane at Plaintiff in an attempt to hit him. *Id.* Plaintiff, who was being restrained by a nurse, broke free from this restraint to avoid Dr. Azneer's swing. *Id.* at ¶30.

Plaintiff's operative complaint includes a claim for assault against Dr. Azneer individually.[1] *Id.* at ¶¶63–69. A Notice of Substitution (the "Notice") was filed on January 25, 2019, which advises that, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (the "Westfall Act"), the United States is substituted, by operation of law, for Dr. Azneer with respect to the causes of action alleged against Dr. Azneer. Doc. 16 at 1–2. In support, the Notice includes a certification by the United States Attorney for the Middle District of Florida (the "Certification"), in which the United States Attorney certifies that Dr. Azneer was a governmental employee acting in the scope of federal office or employment at the time of, and with respect to, the facts out of which Plaintiff's claim arises.[2] Doc. 16-1 at 1.

---

[1] Plaintiff's initial complaint included a claim for assault and battery against Dr. Azneer. Doc. 1 ¶¶ 54–59.

[2] The Notice and response in opposition to the Motion are directed to Plaintiff's claim for assault and battery against Dr. Azneer individually in the initial complaint. *See generally* Docs. 16, 31. Plaintiff subsequently amended his complaint. *See generally* Docs. 35, 39. The operative complaint includes the assault claim against Dr. Azneer individually. Doc. 39 ¶¶63–69. Furthermore, the allegations that form the basis for the assault claim remain largely identical to the initial complaint. *Id.* at ¶¶24–29. A newly added footnote in the operative complaint states that Dr. Azneer admitted in front of a nurse that "he raised his cane and responded aggressively to [Plaintiff] because he was 'Black.'" *Id.* at ¶24 n.2. The operative complaint also removes the initial

2

Plaintiff objects to—and moves to strike—the Notice, arguing chiefly that: (1) the Westfall Act does not apply to Plaintiff's claim; (2) the Certification is subject to judicial review; and (3) Dr. Azneer was not acting within the scope of his employment. Doc. 27 at 2–5. Plaintiff also requests discovery or an evidentiary hearing to the extent the Court is inclined to allow the substitution. *Id.* at 1.

## II. Legal Standard

Rule 12, Federal Rules of Civil Procedure, governs motions to strike. Rule 12 provides that a court may "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Pleadings" consist of only: a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer (if the court orders such reply). Fed. R. Civ. P. 7(a). Numerous courts within the Eleventh Circuit have held that motions to strike filings that do not constitute pleadings, as defined by Rule 7(a), are improper. *E.g.*, *Jallali v. Am. Osteopathic Ass'n*, No. 11-60604-CIV, 2011 WL 2039532, at *1 (S.D. Fla. May 25, 2001); *Croom v. Balkwall*, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009); *Inter-Tel, Inc. v. W. Coast Aircraft Eng'g, Inc.*, No. 8:04-cv-2224-T-17MSS, 2005 WL 2431267, at *2 (M.D. Fla. Oct. 3, 2005).

## III. Analysis

### A. Motion to Strike

---

complaint's allegation that Dr. Azneer "was not acting within the scope of his employment with the VA at the time of his assault and battery" on Plaintiff. Doc. 1 ¶3. Although the Notice and response in opposition to the Motion are directed towards the initial complaint, the Court analyzes the operative complaint's allegations for purposes of this Order.

3

Preliminarily, the Court notes that Plaintiff "moves this Court to object and move [sic] to strike Defendants' attempt to unilaterally substitute the United States for [Dr. Azneer] by notice only." Doc. 27 at 1 (original emphasis removed). Rule 12(f), which governs motions to strike, allows a party to strike certain matter from a pleading. The Notice is not a pleading. Consequently, to the extent that the Motion requests the Court to strike the Notice, such request is improper and due to be denied. Nonetheless, based on the quoted language above and the nature of the relief sought, the Court construes the Motion as an objection to the Notice and a request for discovery or an evidentiary hearing.

### B. Applicability of the Westfall Act

Absent a waiver, sovereign immunity shields the United States and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "The terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit." *JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (internal quotations omitted). Congress must unequivocally express a waiver of sovereign immunity. *Albajon v. Gugliotta*, 72 F. Supp. 2d 1362, 1366 (S.D. Fla. 1999). The Federal Tort Claims Act (the "FTCA") provides a limited waiver of such sovereign immunity to permit persons injured by federal employee tortfeasors to file a lawsuit in federal district court against the United States. 28 U.S.C. §§ 1346(b), 2674. The FTCA provides that federal district courts have exclusive jurisdiction over any claim against the federal government arising out of the act of a federal employee performed within the scope of his employment duties:

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within

4

> the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.* § 1346(b). There are certain exceptions to this limited waiver of sovereign immunity, however. Specifically, "[t]he provisions of this chapter and section 1346(b) shall not apply to . . . any claim arising out of assault . . . ." *Id.* § 2680(h).

Furthermore, the Westfall Act provides, in relevant part, that a civil action against the United States for money damages for personal injury or death caused by the negligent or wrongful act or omission of an employee of the United States while acting within the scope of his or her office or employment, pursuant to the FTCA, is the exclusive remedy for any action for money damages by reason of the same subject matter against such employee whose act or omission gave rise to the claim. *Id.* § 2679(b)(1). The purpose of the Westfall Act is to "protect Federal employees from personal liability for common law torts committed within the scope of their employment, while providing persons injured by the common law torts of Federal employees with an appropriate remedy against the United States." Westfall Act, Pub. L. No. 100-694, § 2(b), 102 Stat. 4563 (1988). To that end, and as set forth in further detail below, the Westfall Act allows the United States Attorney General to certify that a defendant federal employee was acting within the scope of his or her office or employment at the time of the incident out of which the claim arose, which thereby allows the United States to be substituted for the federal employee in a lawsuit for such action. 28 U.S.C. § 2679(d)(1).

Plaintiff argues that the United States may not rely on the Certification, which states that Dr. Azneer acted within the scope of his employment, because such provision is inapplicable to Plaintiff's assault claim. Doc. 27 at 2–3. In support, Plaintiff asserts that the "plain language" of 28 U.S.C. § 2680 states that the assault exception to the limited waiver of sovereign immunity

5

applies to the whole chapter, including the Westfall Act. *Id.* at 2. Because the United States premises its substitution for Dr. Azneer on the Westfall Act's mechanism for substitution and Section 2680 provides that the "provisions of this chapter and section 1346(b) shall not apply" to any claim arising out of assault, Plaintiff asserts that the United States cannot substitute itself for Dr. Azneer.

Plaintiff's argument is unavailing. The statutory exceptions in Section 2680 pertain to the United States' limited consent to suit and must be strictly construed in favor of the United States. *JBP Acquisitions*, 224 F.3d at 1263. A federal district court lacks subject matter jurisdiction over the action when the alleged conduct falls within one of the enumerated exceptions. *Id.* Section 1346(b), excerpted above, itself provides that it is subject to the provisions of Chapter 171, which includes the assault exception in Section 2680. 28 U.S.C. § 1346(b). Thus, the statutory language indicates that federal district courts lack subject matter jurisdiction over such claims for assault against the United States. *Id.*

Furthermore, although Section 2680 provides that the provisions of Chapter 171 do not apply to claims for the enumerated torts (including assault) and the Westfall Act is within Chapter 171, the Court does not interpret this language to preclude the United States from certifying that Dr. Azneer acted within the scope of his employment. A review of the Westfall Act's language compels this conclusion. The Westfall Act provides that, upon the Attorney General's certification that the federal employee tortfeasor was acting within the scope of his or her office or employment, any civil action commenced upon such claim in a federal district court shall be deemed against the United States, the United States shall be substituted as the party defendant, and the action "shall proceed in the same manner against the United States filed pursuant to section 1346(b) of this title and be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. §

6

2679(d)(1), (4). This reference to "limitations and exceptions" is most naturally read to refer to the FTCA's statutory exceptions. *United States v. Smith*, 499 U.S. 160, 166 (1991). The statutory language thus indicates that, where applicable, Congress contemplated permitting the Attorney General to first certify whether an employee acted within the scope of his or her office or employment, at which point the lawsuit would be deemed against the United States, the lawsuit would proceed against the United States according to the FTCA, and any exceptions, such as the exception for assault claims, would then apply. Finally, as the United States highlights, caselaw demonstrates that Plaintiff's interpretation of the statutory language is incorrect. *E.g.*, *Glover v. Donahue*, 626 F. App'x 926, 930 (11th Cir. 2015) (holding that the district court properly substituted the United States as a defendant for the plaintiff's state-law libel and slander claims, thereby rendering those claims subject to dismissal for lack of subject matter jurisdiction per the libel and slander exception under 28 U.S.C. § 2680(h)); *Castellanos v. Pfizer, Inc.*, 555 F. Supp. 2d 1343, 1346–48 (S.D. Fla. 2008) (substituting the United States in place of federal employees for two claims alleging torts under the exception provided by 28 U.S.C. § 2680(h) and subsequently dismissing those claims on the basis of the United States' sovereign immunity). Therefore, Plaintiff's argument that the United States may not rely on the Certification to substitute itself for Dr. Azneer is unpersuasive.

### C. Objection to Certification

Plaintiff next challenges the Certification. When a federal employee is sued, the Westfall Act allows the United States Attorney General to certify that such a defendant federal employee was acting within the scope of his or her office or employment at the time of the incident out of which the claim arose. 28 U.S.C. § 2679(d)(1). Upon the Attorney General's certification, any civil action commenced upon such a claim against a federal employee in a federal district court

"shall be deemed an action against the United States," and the United States "shall be substituted as the party defendant." *Id.* The authority to make such certification has been delegated to the United States Attorney for the district where the civil action is brought. 28 C.F.R. § 15.4. When such certification is made, the civil action shall proceed in the same manner as an action against the United States pursuant to the FTCA and shall be subject to the exceptions and limitations applicable to those actions. 28 U.S.C. § 2679(d)(4).

Upon the certification of the Attorney General, the federal employee is dismissed from the action, and the United States is substituted as defendant in the employee's place. *Osborn v. Haley*, 549 U.S. 225, 230 (2007). Indeed, "if an action is commenced in a federal court, and the Attorney General certifies that the employee 'was acting within the scope of his office or employment at the relevant time,' the United States *must* be substituted as the defendant." *Id.* at 241 (quoting 28 U.S.C. § 2679(d)(1)) (internal alterations omitted) (emphasis added). Thereafter, the litigation is governed by the FTCA. *Id.* at 230.

However, the Attorney General's certification is subject to judicial review. *Gutierrez de Martinez v. Lamango*, 515 U.S. 417, 434 (1995); *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1542 (11th Cir. 1990), *amended by*, 924 F.2d 1555 (11th Cir. 1991). The Attorney General's certification thus does not conclusively establish that the United States' substitution as the defendant is proper. *Gutierrez de Martinez*, 515 U.S. at 434. The Westfall Act is construed to allow a plaintiff to present to the district court any objections regarding the Attorney General's scope of employment certification. *Id.* at 436–37. If a plaintiff challenges the scope of employment certification, the district court must review such certification *de novo. See Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996). "The question of whether an employee's conduct was within the

scope of his employment 'is governed by the law of the state where the incident occurred.'" *Id.* (quoting *S.J. & W. Ranch, Inc.*, 913 F.2d at 1542).

In the course of the district court's *de novo* review, a certification serves as *prima facie* evidence that the employee was acting within the scope of his or her employment when the incidents occurred. *Id.* Following the Attorney General's certification, the plaintiff carries the burden of proving that the employee acted outside the scope of his or her employment.[3] *Id.* (quoting *S.J. & W. Ranch, Inc.*, 913 F.2d at 1543). "In conducting this *de novo* review, 'the question of whether a given act falls within the scope of employment is highly fact-specific, and turns on the unique circumstances of the case at bar.'" *Hendrix v. Snow*, 170 F. App'x 68, 82 (11th Cir. 2006) (quoting *Bennett v. United States*, 102 F.3d 486, 489 (11th Cir. 1996)) (internal alterations omitted). Significantly, the Supreme Court has explained that the United States "must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Osborn*, 549 U.S. at 231 (emphasis in original).

Challenges to a certification of the Attorney General must be resolved before trial and as expeditiously as possible, even if an evidentiary hearing is needed to resolve relevant factual disputes. *See Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991). Some federal courts have held that a district court may, in its discretion, allow limited discovery or conduct an evidentiary hearing on the scope of employment question if the certification, the pleadings, and the plaintiff's supporting documentary evidence reveal an issue of material fact. *E.g.*, *Gutierrez de Martinez v.*

---

[3] Some federal courts have found that a plaintiff challenging a certification must carry his or her burden by a preponderance of the evidence. *E.g.*, *Jackson v. Tate*, 648 F.3d 729, 732 (9th Cir. 2011); *West v. Rieth*, 705 F. App'x 211, 213 (5th Cir. 2017). Neither the Supreme Court nor the Eleventh Circuit has recognized this standard as applicable.

9

*Drug Enforcement Admin.*, 111. F.3d 1148, 1155 (4th Cir. 1997). Other federal courts have allowed plaintiffs who have alleged "sufficient facts that, taken as true, would establish that the defendants' actions exceeded the scope of their employment" are entitled to limited discovery or an evidentiary hearing. *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003). The Eleventh Circuit has held that discovery and an evidentiary hearing are unnecessary where a plaintiff alleges *no facts* to support his contention that a federal employee defendant acted outside the scope of employment at the time of the alleged wrongdoing. *Glover*, 626 F. App'x at 930. The Eleventh Circuit affords district courts within this Circuit "broad discretion" over the management of discovery. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). Furthermore, just as the United States' certification that an employee was acting within the scope of his or her employment is subject to judicial review, a complaint's charge of conduct outside the scope of employment warrants prompt judicial inquiry when contested. *Osborn*, 549 U.S. at 247. "Were it otherwise, a federal employee would be stripped of suit immunity not by what the court finds, but by what the complaint alleges." *Id.*

Here, the United States Attorney certified that Dr. Azneer was a federal employee acting within the scope of his employment at the time of the incidents out of which Plaintiff's claim against Dr. Azneer arises. Doc. 16-1 at 1. The United States filed the Certification as an attachment to the Notice. By virtue of the Certification, the United States is substituted for Dr. Azneer and will remain substituted for Dr. Azneer unless and until this Court determines that Dr. Azneer, in fact, engaged in conduct beyond his scope of employment as a physician. Plaintiff has challenged the Certification, however, arguing that Dr. Azneer was not acting within the scope of his employment under Florida law at the time of the altercation. This challenge does not, in and of itself, prevent the United States from being substituted for Dr. Azneer. Rather, Plaintiff's challenge

triggers judicial review of the Certification, and the Court must conduct a *de novo* review of the Certification. In the course of such *de novo* review, the Certification serves as *prima facie* evidence that Dr. Azneer was acting within the scope of his employment when the incidents described in the complaint occurred. Plaintiff carries the burden of demonstrating that Dr. Azneer acted outside the scope of his employment.

As previously mentioned, the law of the state in which the incident occurred governs the question of whether the employee's conduct was within the scope of his employment. *Flohr*, 84 F.3d at 390. Long ago, the Florida Supreme Court recognized that, under common law, an employer is liable for the wrongful act of its employee that causes injury to another if the wrongful act is done while the employee is acting within the apparent scope of his authority as the employee to serve the interests of the employer, even though the wrongful act "was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer." *Stinson v. Prevatt*, 94 So. 656, 657 (Fla. 1922). An employee's conduct falls within the scope of his or her employment under Florida law where the employee's conduct: (1) is of the kind he or she was employed to perform; (2) occurs "substantially within the time and space limits authorized or required by the work to be performed"; and (3) is "activated at least in part by a purpose to serve the master." *Fields v. Devereaux Found., Inc.*, 244 So.3d 1193, 1196 (Fla. 2d DCA 2018) (quoting *Iglesia Christiana La Casa Del Senor, Inc. v. L.M.*, 783 So.2d 353, 357 (Fla. 3d DCA 2001)) (internal quotations omitted). Thus, under Florida law, "an employer can generally be held vicariously liable for an intentional tort where the employee's conduct is undertaken in furtherance of the employer's interests." *Id.* (citing *Perez v. Zazo*, 498 So.2d 463, 465 (Fla. 3d DCA 1986)).

11

Plaintiff relies on his allegations and applicable law to argue that Dr. Azneer was not acting within the scope of employment at the time of the incident. Plaintiff first cites the standard for determining whether an employee's conduct falls within the scope of his or her employment under Florida law and next argues that "[a]ssaults and batteries committed by employees are not considered to be within the scope of employment where there is no connection between the purpose of the employee's act and the employer's interests." Doc. 27 at 4 (citing *Perez*, 498 So. 2d at 465). Plaintiff emphasizes that Dr. Azneer assaulted him, a co-worker, at the Bay Pines V.A. Medical Hospital while employed as a physician. *Id*. Indeed, Plaintiff alleges in the complaint that Dr. Azneer "raised his cane in a threatening manner" towards Plaintiff after he pushed Plaintiff and Plaintiff "stepped back in a defensive manner." Doc. 39 ¶25. This interaction occurred after Dr. Azneer also allegedly poked Plaintiff in the forehead and told him to "sit his black self down and do his job." *Id*. at ¶24 (internal quotations omitted). Afterwards, Dr. Azneer departed for the nursing station, but later returned and swung his cane at Plaintiff. *Id*. at ¶29. Plaintiff also alleges that Dr. Azneer admitted that he "raised his cane and responded aggressively to [Plaintiff] because he was 'Black.'" *Id*. at ¶24 n.2. These allegations detail the nature of Dr. Azneer's conduct and thus extend beyond mere conclusory allegations that Dr. Azneer operated outside the scope of employment.

The United States shall remain substituted for Dr. Azner because the Court has not determined, at this time, that Dr. Azneer, in fact, and not simply as alleged by Plaintiff, engaged in conduct beyond the scope of his office or employment. Nonetheless, the allegations raise a question sufficient to warrant further factual development through limited discovery: specifically, without limitation, whether Dr. Azneer's acts of raising his cane threateningly towards Plaintiff and swinging his cane at Plaintiff were undertaken, at least in part, to serve the United States or in

12

furtherance of its interests. The Court's review of the Certification necessarily is highly fact-intensive. The response in opposition to the Motion does not address directly the veracity of Plaintiff's factual allegations or his argument that such actions are outside the scope of employment under applicable law. Whether the United States stipulates to, or disputes, Plaintiff's allegations is thus unclear. However, the response in opposition includes the declaration of Dr. Sanja Barrie, the Acting Chief Hospitalist for the Bay Pines V.A. Healthcare System, in which Dr. Barrie certifies that "all actions taken by [Dr. Azneer] concerning the incident involving [Plaintiff] and all related activities" were within Dr. Azneer's capacity as a physician and scope of his federal employment. Doc. 31-1 at 1. Further factual development is needed. Therefore, the Court will exercise its broad discretion and order the parties to conduct discovery limited to the issue of whether Dr. Azneer acted within the scope of his employment. If, following the period allotted for limited discovery, Plaintiff desires to renew his challenge to the Certification, he shall so move. Finally, the current substitution of the United States for Dr. Azneer does not preclude a subsequent finding by the Court that Dr. Azneer did not act within the scope of his employment.

**IV.  Conclusion**

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion to Strike and Objection to Defendants' Notice of Substitution, Doc. 27, is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court declines to strike or otherwise deny at this time the substitution of the United States of America for Dr. Ira Azneer, as described herein. However, the Court will grant Plaintiff's request for discovery.

2. The United States of America is substituted in place of Dr. Ira Azneer as the defendant with respect to Plaintiff's claim for assault against Dr. Ira Azneer. Until further order of the Court, all future filings shall reflect this party substitution.

3. The parties shall have **SIXTY (60) DAYS** from the date of this Order to complete discovery limited to the issue of whether Dr. Azneer acted within the scope of his office or employment for purposes of 28 U.S.C. § 2679.

4. To the extent that Plaintiff desires to challenge the Certification following the close of this limited discovery period, he shall so move within **FOURTEEN (14) DAYS** from the final date of such limited discovery period. If Plaintiff does not desire to challenge the Certification following the close of the limited discovery period, he shall indicate his declination to the Court within the same timeframe. The United States shall file any response thereto within **FOURTEEN (14) DAYS** thereafter.

**DONE AND ORDERED** in Tampa, Florida on September 24, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any